UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THI DUY DUC DUONG, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:26-cv-1390 |
| v. | ) | |
| | ) | |
| | ) | Honorable Paul L. Maloney |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Petitioner's motion for a temporary restraining order ("TRO"). (ECF No. 6). Petitioner represents that despite being released from custody by a prior court order, she was once more detained and transferred out of the district to a facility where she faces the imminent risk of removal to a third country. None of this is consistent with constitutional limitations on the government's authority or with the prior court order. Due to the imminence of the likely harm, it is not possible for the Court to wait to hear Respondent's position. Petitioner's motion will thus be granted.

### I.

District courts may issue TROs at their discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse

1

party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together." *Ne. Ohio Coal.*, 467 F.3d at 1009.

## II.

On March 17, 2026, the United States District Court for the District of Arizona ordered Petitioner released from custody because there was no significant probability of her removal in the reasonably foreseeable future. (ECF No. 1 at PageID.22-23); *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). She was released subject to the same conditions she was under before her detention. She reported to the Detroit ICE field office pursuant to the conditions of her release on April 27, 2026, and she was detained again "without notice, explanation, or any allegation that she had violated the terms of her supervision." (ECF No. 1 at PageID.2). Petitioner represents in her current motion that ICE is now targeting individuals released pursuant to orders in habeas cases for removal to third countries. Petitioner filed the present habeas petition seeking emergency relief on April 28, 2026. On April 30, 2026, Petitioner was transferred to a facility in Louisiana, and subsequently to a

2

facility in Texas. (ECF No. 6 at PageID.52). Petitioner represents that this indicates the possibility of imminent attempted removal to a third country. (*Id.*).

On this record, it appears that Petitioner is likely to succeed on the merits. When noncitizens are released from custody on the basis that their removal is not reasonably foreseeable, they may be detained again only upon a showing that the relevant circumstances have changed such that their removal is now reasonably foreseeable. *See Kong v. United States*, 62 F.4th 608, 620 n.12 (1st Cir. 2023); *Karki v. Raycraft*, No. 2:25-cv-13186, 2025 WL 3516782, at \*7 (E.D. Mich. Dec. 8, 2025). Petitioner represents that the government has failed to provide any indication of changed circumstances to Petitioner, her counsel, or any court. Additionally, this Court gained jurisdiction over the action upon Petitioner's initial filing while she was detained here, and the government's subsequent movement of Petitioner does not deprive the Court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *Quinonez v. Olson*, 815 F.Supp.3d 764, 768 (N.D. Ill. 2025) ("This Court has jurisdiction over habeas petitions that were filed while the petitioner was present within its geographical boundaries, despite the subsequent transfer of the petitioner to another district.").

It also appears that Petitioner is likely to suffer imminent irreparable harm. The government's movements are indicative of an impending attempt to effectuate Petitioner's removal without respect to constitutional processes or court orders. Petitioner has a

constitutionally protected interest in freedom from arbitrary detention and removal. *See Sanchez Alvarez v. Noem*, 807 F. Supp. 3d 777, 788 (W.D. Mich. 2025). Continued unlawful detention constitutes irreparable harm, as would unlawful removal.

The final factors, which merge with the government as the adverse party, *see Nken v. Holder*, 556 U.S. 418, 435 (2009), also favor Petitioner. There can be no legitimate interest in the government flouting the Constitution or court orders. Petitioner seeks only to restore the status quo as it existed before she was re-detained. Because each factor favors Petitioner, and because she met the procedural requirements in Rule 65(b), Petitioner's motion will be granted.

### III.

Petitioner's request for a TRO (ECF No. 6) is **GRANTED**. Respondents shall immediately return Petitioner to the facility at which she was detained in Michigan. Upon Petitioner's return, Respondents shall return to Petitioner all property, documents, and other items taken from Petitioner. Respondents shall then immediately release Petitioner from custody subject to the conditions under which she was released from custody by the United States District Court for the District of Arizona's order. (*See* ECF No. 1 at PageID.22-23). Respondents shall provide notice to the Court of compliance with this order upon the release of Petitioner from custody.

**IT IS SO ORDERED.**

Date:  May 1, 2026                                    /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge