UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THI DUY DUC DUONG,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:26-cv-1390

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

The habeas petition challenges the lawfulness of Petitioner's detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.18.) In an order entered on April 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Later that same day, Petitioner filed an emergency motion for a temporary restraining order (TRO) because Petitioner had been re-detained by ICE at a routine check-in on April 27, 2026, despite the United States District Court for the District of Arizona ordering Petitioner's release on March 17, 2026.

(Mot. TRO, ECF No. 6, PageID.51.) On May 1, 2026, the Court granted Petitioner's motion for a TRO and ordered her released from custody subject to the conditions of her prior order of supervision. (Order, ECF No. 7.)

Respondents filed their response on May 5, 2026, (ECF No. 8.) On May 6, 2026, Respondents filed a status report confirming that Petitioner had been released from custody on May 6, 2026, pursuant to the Court's order. (Status Report, ECF No. 9.) Petitioner filed a reply on May 8, 2026. (ECF No. 10.)

## II.    Factual Background

Petitioner is a native and citizen of Vietnam. (Pet., ECF No. 1, PageID.4.) Petitioner entered the United States on or about December 20, 2024, and has remained in the United States since that time. (*Id*., PageID.9.) On October 7, 2025, Petitioner was ordered removed from the United States, but Petitioner was granted withholding of removal because the Immigration Judge (IJ) found it was "more likely than not that [Petitioner's] life or freedom would be threatened on account of a protected ground if she were removed to Vietnam." (*Id*.) "Both parties waived appeal, and the order became administratively final that same day." (*Id*.)

"After nearly six months of post-final-order detention, [Petitioner] filed a writ of habeas corpus in the United States District Court for the District of Arizona challenging her continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001)." (*Id*.) On March 17, 2026, the District of Arizona granted Petitioner's habeas petition "after the Government conceded that it could not establish a 'significant likelihood of removal in the reasonably foreseeable future,' and ordered her immediate release from custody." (*Id*.; D. Ariz. Order, ECF No. 1, PageID.22–23.) Petitioner was released from custody on March 20, 2026. (Notice of Compliance, ECF No. 1, PageID.25.) Petitioner was "placed under an Order of Supervision ("OSUP") and complied with all conditions

imposed by ICE, including appearing for scheduled check-ins as directed." (Pet., ECF No. 1, PageID.10.)

On April 27, 2026, Petitioner attended a routine check-in at the Detroit ICE Field Office and was re-detained for removal to a third country. (*Id*.; Notice of Revocation of Release, ECF No. 8-1, PageID.71–72.) That same day, ICE "conducted an information interview to allow Petitioner an opportunity to respond to the reasons for revocation of her order of supervision." (*See* Resp., ECF No. 8, PageID.61; Alien Informal Interview, ECF No. 8-2, PageID.74.) On an unknown date, Petitioner was "accepted to be removed to Palau pursuant to a Third Country Removal agreement between the United States and Palau that was signed on December 24, 2025." (Mull Decl. ¶¶ 4–6, ECF No. 8-3, PageID.77.) ICE intended to remove Petitioner to Palau on May 4, 2026, "absent any stay or temporary restraining order." (*Id*. ¶ 7.) In a declaration, Acting Deputy Assistant Director of ICE Enforcement and Removal Operations, Janese Mull, states, "The Petitioner's acceptance by Palau and placement on the manifest for this charter serves as the travel document in the Petitioner's removal." (*Id*.)  Mull also states that "[s]hould the Petitioner not make the May 4, 2026 flight, ICE would be able to remove the Petitioner on the next scheduled charter to Palau for third country removal[] absent any stay or temporary restraining order." (*Id*. ¶ 8.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.    Jurisdiction**

The Court has jurisdiction over this action because Petitioner was detained in this district when she filed the petition for a writ of habeas corpus, and the government's subsequent movement and release of Petitioner does not deprive the Court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

**V.    Merits Discussion**

The parties agree that 8 U.S.C. § 1231 governs Petitioner's detention because she is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.12; Resp., ECF No. 8, PageID.62.) However, Petitioner argues that she has shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). In response, Respondents contend that re-detention is lawful because Palau's acceptance of Petitioner constitutes a change of circumstances such that there is now a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on October 7, 2025. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that

4

there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, the United States District Court for the District of Arizona granted Petitioner's first petition for a writ of habeas corpus based on her claim under *Zadvydas* that her detention exceeded the removal period and that there was no significant likelihood of her removal in the reasonably foreseeable future. (D. Ariz. Order, ECF No. 1, PageID.22.) In that case, Respondents' response stated, "Undersigned counsel is unable to ascertain sufficient facts at this time to establish that there is a 'significant likelihood of removal in the reasonably foreseeable future.' [*Zadvydas*, 533 U.S. at 701.] Accordingly, Respondents do not oppose Petitioner's request for release at this time." (*Id.*) The District of Arizona thus accepted Respondents' concession as non-opposition to granting Petitioner's habeas petition. (*Id.*)

In this case, Respondents now argue that there has been a change in circumstances such that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. To support this assertion, Respondents provide the declaration of Janese Mull, which indicates that Petitioner was accepted to be removed to Palau on a charter flight on May 4, 2026. Petitioner did not make the flight, as this Court ordered her release on May 1, 2026, and she was in fact released on May 6, 2026.

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

The declaration also states that "[s]hould the Petitioner not make the May 4, 2026 flight, ICE would be able to remove the Petitioner on the next scheduled charter to Palau for third country removal[] absent any stay or temporary restraining order." However, Respondents do not provide any more details as to when the "next scheduled charter to Palau" is scheduled to occur or whether Respondents have currently valid travel documents to allow Respondents to effect Petitioner's removal. There is nothing in the record before the Court to indicate that Respondents have taken any further action since May 4, 2026, including securing currently valid travel documents, to effect the deportation of Petitioner. Therefore, at this time, the Court is unable to conclude that Respondents have provided sufficient facts to show that removal is likely to occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred

outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Petitioner's continued release subject to the conditions under which she was released from custody by the United States District Court for the District of Arizona's order. The Court will order Respondents to file a status report within five days to certify compliance with this opinion.

Dated:    June 4, 2026                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge